UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD M. SAPONJIC,<br><br>                       Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>                       Defendant. | Case No. 20-cv-703-BAS-RBB<br><br>**ORDER GRANTING MOTION TO COMPEL ARBITRATION**<br><br>**[ECF No. 7]** |

Presently before the Court is Defendant BMW of North America, LLC's Motion to Compel Arbitration. (ECF No. 7.) Plaintiff Rod M. Saponjic filed an opposition the Motion ("Opp'n," ECF No. 17) to which Defendant replied ("Reply," ECF No. 18). The Court finds resolution of this matter is suitable without the need for oral argument. *See* Civ. L.R. 7.1(d)(1). For the reasons discussed below, the Court **GRANTS** the Motion.

**I.   BACKGROUND**

On or about February 3, 2019, Plaintiff leased a 2019 BMW 53e, which was manufactured or distributed by Defendant (hereinafter, "BMW NA"). ("Compl.," Exhibit A to ECF No. 1-3, ¶ 5.) The vehicle suffered from nonconformities, including a "defective DME (recall), defective rear collision avoidance system, and

defective front collision avoidance system." (*Id.* ¶ 6.) Plaintiff claims these defects are covered by the express warranties made by Defendant. (*Id.* ¶ 7.) Defendant's service and repair facility has been unable to repair the vehicle to conform to the express warranties. (*Id.* ¶ 9.) Plaintiff brought suit against Defendant for violation of the Song-Beverly Consumer Warranty Act. Defendant claims Plaintiff agreed to arbitrate this claim and thus moves to compel arbitration.

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") makes agreements to arbitrate "valid, irrevocable, and enforceable." 9 U.S.C. § 2. The FAA permits a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States District Court . . . for an order directing that . . . arbitration proceed in the manner provided for in [the arbitration] agreement." 9 U.S.C. § 4. Upon a showing that a party has failed to comply with a valid arbitration agreement, the district court must issue an order compelling arbitration. *Id.* "A party seeking to compel arbitration has the burden under the FAA to show (1) the existence of a valid, written agreement to arbitrate; and, if it exists, (2) that the agreement to arbitrate encompasses the dispute at issue." *Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

## III. ANALYSIS

Defendant points to the lease Plaintiff entered into with the dealer Crevier BMW (hereinafter, "Dealer"). ("Lease," Exhibit D to ECF No. 1-3.) The Lease is between Plaintiff (the lessee, or "I") and Dealer or its Assignee (the lessor or "you"). (*Id.* at 1.) The Lease states: "'Assignee' refers to BMW Financial Services NA, LLC ('BMW FS') or, if this box is checked [checked box] to Financial Services Vehicle Trust. BMW FS will administer this Lease on behalf of itself or any assignee." (*Id.*) It is undisputed that the Lease itself does not refer directly to Defendant (BMW NA), but Defendant submits declarations and documents to support its assertion that BMW

FS and BMW NA are affiliates. This brings the Court to the first issue: its consideration of documents outside the Complaint.

### A. Procedural Issues

On a motion to compel arbitration, the court "may properly consider documents outside of the pleadings." *Xinhua Holdings Ltd. v. Elec. Recyclers Int'l, Inc.*, No. 1:13-CV-1409 AWI SKO, 2013 WL 6844270, at *5 (E.D. Cal. Dec. 26, 2013), *aff'd sub nom. Clean Tech Partners, LLC v. Elec. Recyclers Int'l, Inc.*, 627 F. App'x. 621 (9th Cir. 2015). The Court may consider the Lease because it is attached to the Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). Defendant also submitted two declarations: one by BMW FS employee Tyler Weight and one by defense counsel Robert Dixon. (ECF Nos. 7-1, 7-2.) Generally, courts may consider declarations in evaluating a motion to compel arbitration, s*ee Concat LP v. Univlever, PLC*, 350 F. Supp. 2d 796, 804 (N.D. Cal. 2004), but Plaintiff objects to the declarations for various evidentiary reasons.

Plaintiff objected to the statement by both declarants that "BMW Financial Services NA, LLC is a wholly owned subsidiary of BMW NA" on the grounds of hearsay, lack of foundation, lack of personal knowledge, and is a legal opinion. (ECF No. 17-1, at 1.) The Court agreed that the declarants had not sufficiently stated how they would have personal knowledge of such a statement and thus requested that Defendant respond to Plaintiff's objection. (ECF No. 20.) Defendant did so, and as a part of its response attached a request for judicial notice. Defendant asks the Court to judicially notice the California Secretary of State website for BMW Financial Services NA, LLC. (ECF No. 21-1, at 3.) The printout from the Secretary of State's website is subject to judicial notice as a public record and as containing facts the accuracy of which cannot reasonably be disputed; thus, the Court grants the request. *See* Fed. R. Evid. 201(b); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 938 (C.D. Cal. 2011) (finding same).

Because the Court need not consider either declaration and makes its determination below based on the judicially noticeable document, the Court does rule on the objections.

### B. Standing

Plaintiff's first argument is that Defendant does not have standing to enforce the arbitration agreement. Defendant is not a signatory to the Lease nor is it directly an assignee of the Lease. But "a litigant who is not a party to an arbitration agreement may invoke arbitration under the FAA if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)); *see also Mundi v. Union Sec. Life Ins. Co.*, 555 F.3d 1042, 1045 (9th Cir. 2009) ("General contract and agency principles apply in determining the enforcement of an arbitration agreement by or against nonsignatories."). Defendant puts forth various reasons why it believes it may enforce the arbitration clause.

The arbitration clause applies to any claim or dispute between Plaintiff and Dealer's (and its Assignee's) "employees, officers, directors, affiliates, successors or assigns." (Lease at 6.) As noted above, Defendant is not listed as an Assignee, but BMW FS is. And the Secretary of State's website lists Defendant as the manager of BMW FS. (ECF No. 21-1, at 6.)

Some courts have found Defendant, "the manager" of BMW FS, to be an "affiliate" of BMW FS. *See Fikhman v. BMW of N. Am. LLC*, No. 2:19-cv-3963-VAP-MRWx, 2019 WL 6721626, at *3 (C.D. Cal. Oct. 15, 2019); *Katz v. BMW of N. Am., LLC*, No. 4:19-CV-01553-KAW, 2019 WL 4451014, at *3 (N.D. Cal. Sept. 17, 2019) ("Thus, BMW FS is an assignee bound by the terms of the Lease Agreement, and Defendant, as the managing entity, is an affiliate of BMW FS."). The *Fikhman* court, and the court in *Rizvi v. BMW of N. Am. LLC*, No. 5:20-CV-00229-EJD, 2020 WL 2992859, at *3 (N.D. Cal. June 4, 2020), found BMW

NA, as an affiliate of BMW FS, to have standing to enforce the arbitration provision as a third party beneficiary.

Under California law, a "contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it." Cal. Civ. Code § 1559. "It is well established that a nonsignatory beneficiary of an arbitration clause is entitled to require arbitration." *Harris v. Superior Court*, 188 Cal. App. 3d 475, 478 (1986). To compel arbitration as a third party beneficiary, the third party must show the contract reflects the express or implied intention of the parties to the contract to benefit the third party. *Comer v. Micor, Inc.*, 436 F.3d 1098, 1102 (9th Cir. 2006). The third party must be "more than incidentally benefitted by the contract." *Gilbert Fin. Corp. v. Steelform Contracting Co.*, 82 Cal. App. 3d 65, 70 (1978).

The Secretary of State website shows that Defendant BMW of North America, LLC is the manager of BMW FS. (ECF No. 21-1, at 6.) Thus, the Court agrees with the various courts referenced above that Defendant is an affiliate of and managing entity of BMW FS, an assignee of the Lease. The Lease, by indirectly listing Defendant, reflects the intent of the parties to benefit Defendant.[1] Defendant therefore has standing to bring this Motion as a third party beneficiary.

### C. **Whether the Arbitration Clause Covers Plaintiff's Claim**

Plaintiff's next argument is that his claim under Song-Beverly does not fall under the arbitration clause. Plaintiff argues his claim does not arise out of the Lease,

---

[1] This case is similar to but distinguishable from *Jurosky v. BMW of North America, LLC*, No. 19-706 JM, 2020 WL 1024899 (S.D. Cal. Feb. 27, 2020) and *Vincent v. BMW of North America, LLC*, No. 19-6439 AS, 2019 WL 8013093 (C.D. Cal. Nov. 26, 2019). The arbitration provisions in those cases did not contain the word "affiliates." As the *Rizvi* court found: "The inclusion of "affiliates" means that the arbitration provision in this case is broader than the one in *Jurosky* and *Vincent* such that BMW NA may enforce the provision against [Plaintiff]." *Rizvi*, 2020 WL 2992859, at *3.

but instead arises out of Defendant's statutory obligation to repair the vehicle. (Opp'n at 11.)

The arbitration clause states: "Any Claim shall, at your or my election, be resolved by neutral, binding arbitration and not by a court action." (Lease at 6.) "Claim" is defined as "any claim, dispute, or controversy, whether in contract, tort, statute or otherwise . . . between me and you or your employees, officers, directors, affiliates" etc. (*Id.*) As noted above, "you" refers to Dealer and its Assignee, BMW FS. (*Id.* at 1.) Thus, the Lease provides that any "Claim"—i.e. any dispute between Plaintiff and Dealer's affiliates and/or Assignee's affiliates—is to be arbitrated, even if that dispute arises out of statute. Defendant is an affiliate of BMW FS, the Assignee. Plaintiff is incorrect that the Lease does not cover the present case.

### D. Unconscionability

Plaintiff finally argues that the arbitration clause is unconscionable. "Like other contracts, arbitration agreements can be invalidated for fraud, duress, or unconscionability." *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 921 (9th Cir. 2013). As the party asserting unconscionability, Plaintiff bears the burden of proving the defense. *Tompkins v. 23andMe, Inc.*, 840 F.3d 1016, 1023 (9th Cir. 2016) (citing *Sanchez v. Valencia Holding Co., LLC*, 61 Cal.4th 899, 911 (2015)). "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." *Chavarria*, 733 F.3d at 922 (9th Cir. 2013) (citing *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)).

#### 1. Procedural Unconscionability

"The procedural element of the unconscionability analysis concerns the manner in which the contract was negotiated and the circumstances of the parties at that time." *Gatton v. T–Mobile USA, Inc.*, 152 Cal. App. 4th 571, 581 (2007) (citing *Kinney v. United HealthCare Servs., Inc.*, 70 Cal. App. 4th 1322, 1329 (1999)). "The element focuses on oppression or surprise." *Id.* (citing *Armendariz*, 24 Cal.4th at

114). "Oppression arises from an inequality of bargaining power that results in no real negotiation and an absence of meaningful choice." *Id.* (citing *Flores v. Transamerica HomeFirst, Inc.*, 93 Cal. App. 4th 846, 853 (2001)). "Surprise is defined as 'the extent to which the supposedly agreed-upon terms of the bargain are hidden in the prolix printed form drafted by the party seeking to enforce the disputed terms.'" *Id.* (quoting *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997)).

"The procedural element of an unconscionable contract generally takes the form of a contract of adhesion, which, imposed and drafted by the party of superior bargaining strength, relegates to the subscribing party only the opportunity to adhere to the contract or reject it." *Little v. Auto Stiegler, Inc.*, 29 Cal. 4th 1064, 1071 (2003) (citation omitted). "[California] [a]ppellate courts considering unconscionability challenges in consumer cases have routinely found the procedural element satisfied where the agreement containing the challenged provision was a contract of adhesion." *Gatton*, 152 Cal.App.4th at 582 (collecting cases).

Indeed, the Lease appears to be a contract of adhesion. Neither party addresses whether Plaintiff had any opportunity to negotiate any of the pre-printed terms of the form. It is likely he did not, thus it appears the arbitration clause came on a take-it-or-leave-it basis. However, it cannot be said that the arbitration clause was hidden within the Lease. It appears under a bold and red disclaimer: "Please review – important – affects our legal rights." (Lease at 6.) Above Plaintiff's signature is the note: "By signing below, you acknowledge that you have read all pages of this Lease, and that you have received a completely filled in copy of this Lease." (*Id.* at 7.) No party addresses whether Plaintiff was given adequate time to review the entire Lease. But regardless, as the California Supreme Court has held, "the adhesive nature of the contract is sufficient to establish some degree of procedural unconscionability." *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 915 (2015) "Yet 'a finding of procedural unconscionability does not mean that a contract will not be enforced,

but rather that courts will scrutinize the substantive terms of the contract to ensure they are not manifestly unfair or one-sided'" *Id.* (citation omitted).

Given this, the Court finds for purposes of its analysis going forward that the arbitration clause is at least partially procedurally unconscionable.

### 2.    Substantive Unconscionability

Substantive unconscionability focuses on the harshness and one-sided nature of the substantive terms of the contract. *A & M Produce Co. v. FMC Corp.*, 135 Cal. App. 3d 473, 486–87 (1982). An adhesive agreement to arbitrate will satisfy this general standard for substantive unconscionability if the agreement lacks a "modicum of bilaterality." *Armendariz*, 24 Cal.4th at 117. Whether an arbitration agreement is sufficiently bilateral is determined by an examination of the actual effects of the challenged provisions. *Ellis v. McKinnon Broad. Co.*, 18 Cal. App. 4th 1796 (1993) ("Substantive unconscionability . . . refers to an overly harsh allocation of risks or costs which is not justified by the circumstances under which the contract was made.").

Plaintiff argues the arbitration provision is one-sided in that an outside party (the manufacturer) may "force its way in." (Opp'n at 13.) Plaintiff states that even if he understood that the arbitration provision would apply to disputes involving the Lease and disputes involving the Dealer, "it would be unconscionable to force [him] to submit to arbitration a claim brought pursuant to a consumer protection statute, against the alleged parent company of an alleged affiliate of an alleged subsidiary." (*Id.* at 13– 14.) He argues that because the Lease excluded warranty coverage, he could not have known that a claim based on a warranty would be covered by the arbitration provision in the Lease. (*Id.* at 14.)

As noted above, a simple reading of the arbitration clause itself informs the signer that any claim is to be submitted to arbitration, and claim is defined broadly to cover any dispute between the lessee and the Dealer, its assignee, and the assignee's affiliates, etc. This is true even if the claim arises out of statute, like

Plaintiff's claim here. Accordingly, Plaintiff, after reading the Lease, could logically be expected to understand that a dispute like the present case would be submitted to arbitration. Plaintiff has not demonstrated this is unreasonable, and the terms do not "undermine the nondrafting party's reasonable expectations." *See OTO, L.L.C. v. Kho*, 8 Cal. 5th 111, 129–30 (2019). The Court also does not find these terms to be "'overly harsh', 'unduly oppressive' [or] 'so one-sided as to 'shock the conscience.'" *Id.* at 130 (citations omitted). Nor does Plaintiff point to any case where an agreement to arbitrate like the one here was found to be substantively unconscionable. Plaintiff has not met his burden in demonstrating unconscionability.

## IV. CONCLUSION

Defendant has standing to enforce the arbitration clause, and the clause covers the present dispute and is not unconscionable. Thus, the Court **GRANTS** Defendant's Motion to Compel Arbitration. This action is stayed pending completion of the arbitration. The Clerk shall administratively close the file.

**IT IS SO ORDERED.**

**DATED: July 15, 2020**

Hon. Cynthia Bashant
United States District Judge